# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Vincent and Kristina Reusser,

        Plaintiffs,

v.

Saxon Mortgage Services, Inc., et al.,

        Defendants.

Case No. 2:12-cv-00087

Judge Graham

Magistrate Judge Abel

## ORDER

This action was removed from state court on the basis of diversity jurisdiction. Plaintiffs have moved to remand, arguing that the parties are not diverse and that the amount in controversy does not exceed $75,000. For the reasons stated below, the motion to remand is denied.

## I. Background

### A. Factual Allegations

Plaintiffs in this action are Vincent and Kristina Reusser of Monroe County, Ohio. Defendant Saxon Mortgage Services, Inc. is a Texas corporation licensed to do business in Ohio. Defendant Bank of America, N.A. ("BOA"), is a North Carolina corporation licensed to do business in Ohio. Defendant Judy Gramlich is the Treasurer of Monroe County, Ohio.

In June 1999 Vincent Reusser obtained a home mortgage from Standard Federal Bank with a principal balance of $106,000.00. Standard Federal Bank was renamed LaSalle Bank Midwest in 2005 and was acquired by BOA in late 2007. Saxon is the mortgage servicer for BOA.

Between June 2006 and July 2011, the mortgage was modified in various ways, including three Loan Modification Agreements and a $35,000 "Misc. Posting". These adjustments to the mortgage balance, along with the attendant communications between plaintiffs and BOA and Saxon, are the subject of this action.

Plaintiffs seek a mixture of legal and equitable relief. Their first claim is for violations of the Ohio Consumer Sales Practices Act, O.R.C. § 1345.02. Plaintiffs allege that BOA and Saxon offered the various Loan Modification Agreements knowing that plaintiffs could not pay the increased obligations. Plaintiffs allege that through misrepresentations, the defendants convinced the plaintiffs to agree to the various modifications that resulted in unconscionable fees and charges.

In their second claim for relief, plaintiffs assert that defendants violated the Ohio Mortgage Broker Act, O.R.C. § 1327.07, by the same actions alleged in the first claim. The plaintiffs also assert a claim for common law fraud, alleging that the defendants made material misrepresentations which induced plaintiffs to agree to the various Loan Modification Agreements. For their fourth claim for intentional infliction of emotional distress, plaintiffs allege that defendants' predatory and deceptive lending practices caused the plaintiffs to suffer mental anguish and emotional distress over a period of several years. The plaintiffs request equitable relief in their fifth claim, requesting a stay of all collection and foreclosure activities associated with their mortgage. Plaintiffs' sixth claim seeks an order requiring defendants to remedy any injury to plaintiffs' credit score proximately caused by defendants' lending practices.

**B.      Procedural History**

On December 29, 2011, the plaintiffs filed this action in the Monroe County Court of Common Pleas. On January 27, 2012, BOA filed a Notice of Removal with this court based on diversity jurisdiction, 28 U.S.C. §§ 1441(a) and (b). Saxon consented to the removal.

After BOA and Saxon filed motions to dismiss, plaintiffs moved to remand to state court. The issues before the court are twofold. First, the parties dispute whether defendant Gramlich is a proper party to this action. If Gramlich is a proper party, the case lacks complete diversity and must be remanded. Second, the parties dispute whether the amount in controversy requirement of 28 U.S.C.

§ 1332(a) is satisfied. If the amount in controversy does not exceed $75,000, the case must be remanded. Thus, if there is either a lack of complete diversity or an insufficient amount-in-controversy, then the court lacks original jurisdiction under § 1332(a) and the case must be remanded to the Monroe County Court of Common Pleas.

## II. Discussion

### A. Legal Standard

Section 1441(a) describes what types of actions are removable and prescribes the procedure for doing so. In pertinent part, the removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts, have original jurisdiction "of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts regarding these dual requirements of jurisdiction are cemented at the time of removal as they pertain to subject matter jurisdiction. Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 210 (6th Cir. 2004). The removing party bears the burden of demonstrating that the parties are completely diverse and that the amount in controversy requirement is satisfied. Everett v. Verizon Wireless, Inc., 460 F.3d 818, 829 (6th Cir. 2006).

### B. Fraudulent Joinder

In a case involving non-diverse parties, a party may defeat a motion to remand, and stay in federal court on diversity grounds, if it can show that the non-diverse party was fraudulently joined. Saginaw Hous. Comm'n v. Bannum, Inc., 576 F.3d 620, 624 (6th Cir. 2009). A plaintiff's motive in joining the non-diverse party is immaterial to the determination regarding fraudulent joinder. Jerome-

Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). Rather, fraudulent joinder occurs when "a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). The inquiry is thus whether the removing party has demonstrated that the non-diverse party is one "against whom there is no colorable cause of action." Saginaw, 576 F.3d at 624. Any ambiguities or disputed issues should be resolved in favor of the nonremoving party. Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994).

Here, the removing defendants have demonstrated that there is no colorable basis for recovery against Ms. Gramlich, the Treasurer of Monroe County. None of the complaint's allegations of wrongdoing mention Ms. Gramlich. The only assertion in the complaint regarding Ms. Gramlich is that she "may claim an interest in this lawsuit by means of a lien for unpaid real estate taxes." Far from being an allegation of actionable conduct against Ms. Gramlich, it seems the plaintiffs merely anticipate that Ms. Gramlich could be an interested party should BOA someday bring a foreclosure action. Since the complaint provides no legal basis for recovery against Ms. Gramlich, the removing parties have satisfied their burden of demonstrating that Ms. Gramlich was fraudulently joined. The court accordingly finds that the parties are completely diverse for purposes of diversity jurisdiction.

### C. Amount in Controversy

The second requirement of diversity jurisdiction is that the amount in controversy must be greater than $75,000. "[W]here plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." Everett, 460 F.3d at 822 (internal quotation marks omitted). When a plaintiff seeks some type of equitable relief, the dollar value, for purposes of determining the amount in controversy, equals "the

value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); see also Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 560 (6th Cir. 2010). The object of the litigation may be determined according to "the value of the right to be protected or the extent of the injury to be prevented." Goldsmith v. Sutherland, 426 F.2d 1395, 1398 (6th Cir. 1970); see also Everett, 460 F.3d at 829 (6th Cir. 2006).

Claims by multiple plaintiffs may be aggregated to reach the jurisdictional amount only where they "unite to enforce a single title or right in which they have a common and undivided interest." Snyder v. Harris, 394 U.S. 332, 335 (1969); see also Everett, 460 F.3d at 823. Here, plaintiffs appear to be enforcing a common and undivided interest in the mortgage and their shared marital property. The complaint makes no indication they are seeking separate relief.

Claims against multiple defendants may be aggregated to reach the amount in controversy requirement only when those claims are against defendants jointly. Charvat v. NMP, LLC, 656 F.3d 440, 446 (6th Cir. 2011). The complaint refers to BOA and Saxon in the plural as "defendants" in every claim for relief and in paragraph 43, which alleges that "Defendants are liable for the unlawful acts of the other under the doctrines of agency and/or joint venture." While the complaint does not expressly state that the defendants should be held jointly liable, it appears from the complaint that the plaintiffs are seeking relief from BOA and Saxon jointly. For the present purpose of determining the amount in controversy, the court will not attempt to parse the liability of the defendants when the plaintiffs have not done so. Because the plaintiffs assert a common undivided right against defendants who they allege are jointly liable, the plaintiffs' claims may be aggregated in determining the amount in controversy.

### 1. Object of the Litigation - Mortgage Balance Discrepancy

The plaintiffs allege that as a result of defendants' wrongful modifications and fees, their principal mortgage balance now exceeds $140,000. This balance is the alleged aggregate result of the

5

original mortgage, three Loan Modification Agreements, and other miscellaneous fees. Plaintiffs claim that the mortgage balance should be $85,666.71 as of the date of the filing of the complaint, based on an amortization table, which is attached to the complaint, for the original mortgage. While the plaintiffs do not state a specific dollar amount for which they seek recovery, the complaint (in the counts for violations of the OCSPA and for fraud) seeks declaratory relief and actual damages relating to the alleged series of wrongful modifications. In effect, the complaint demands that either the modifications be rescinded or that plaintiffs be awarded their actual damages caused by the modifications. Were the court to grant either form of relief, it would result in a reduction of the mortgage balance or in a recovery of approximately $55,000.

### 2. Non-Economic Damages

The plaintiffs also seek up to $5,000 in non-economic damages pursuant to the OCSPA, O.R.C. § 1345.09(A). Non-economic damages are statutorily available when paired with actual economic damages, but may not be awarded in addition to rescission. Id.

### 3. Punitive Damages

The plaintiffs seek punitive damages in connection with their Ohio Mortgage Broker Act and fraud claims. Punitive damages may be aggregated with other damages to satisfy the amount-in-controversy requirement. Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 462 (6th Cir. 2010). In fact, "'punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered.'" Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 572 (6th Cir. 2001) (quoting Holley Equip. Corp. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)).

It is not apparent to a legal certainty that plaintiffs cannot recover punitive damages. If plaintiffs prevail on either their claim under the Ohio Mortgage Broker Act or their fraud claim, punitive damages will be available. See O.R.C. § 1322.11(A)(3) (Mortgage Broker Act); Touhey v. Ed's Tree & Turf,

L.L.C., 194 Ohio App.3d 800, 806, 958 N.E.2d 212, 216 (Ohio Ct. App. 2011) (fraud). Indeed, courts have upheld punitive damage for violations of the Mortgage Broker Act of up to seven times the amount of compensatory damages. See Roark v. Rydell, 174 Ohio App. 3d 186, 881 N.E.2d 333 (Ohio Ct. App. 2007); Myer v. Preferred Credit, Inc., 117 Ohio Misc. 2d 8, 766 N.E.2d 612 (Ohio Ct. Com. Pl. 2001). Here plaintiffs allege that defendants' violations of the Act caused their mortgage balance to be wrongfully increased by at least $55,000. Recovery of this amount, when combined with even a comparatively small punitive damages award, could easily exceed $75,000.

### 4. Intentional Infliction of Emotional Distress

The complaint also asserts a claim for intentional infliction of emotional distress. For this claim alone the complaint requests a compensatory damages award in excess of $25,000. Further, the claim is one for which punitive damages are statutorily available for up to two times the amount of compensatory damages. O.R.C. § 2315.21(D)(2)(a).

### 5. Attorneys' Fees

While attorneys' fees are generally not considered when determining the amount in controversy, they may be included in the damage calculation if they are provided for by statute. See Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007). The complaint alleges a violation of the OCSPA, which expressly allows for an award of attorneys' fees to prevailing plaintiffs. See O.R.C. § 1345.09(F).

### 6. Summary

The court finds that defendants have satisfied their burden of demonstrating that it is more likely than not that the amount in controversy exceeds $75,000. The complaint alleges that defendants' wrongful actions have resulted in the mortgage balance being at least $55,000 higher than it should be. Plaintiffs have further sought $5,000 in statutory non-economic damages, $25,000 in compensatory damages, punitive damages, and attorneys' fees. When aggregated, these claims total more than $75,000.

The court need not decide exactly how much a recovery of punitive damages or attorneys' fees would be in this case; it is sufficient to say that if recovered, those amounts – when combined with the other damages being sought be plaintiffs – would likely exceed $75,000.

**III.     Conclusion**

    Accordingly, plaintiffs' motion to remand (Doc. 7) is DENIED.

                                                    S/ James L. Graham
                                                    JAMES L. GRAHAM
                                                    United States District Judge

DATE: August 3, 2012